GARY Y. LEUNG (Cal. Bar No. 302928)
Email:  leungg@sec.gov
ROBERTO TERCERO (Cal. Bar No. 143760)
Email:  terceror@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Katharine E. Zoladz, Associate Regional Director
Gary Y. Leung, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

### Southern Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>     vs.<br><br>MICHAEL M. BECK,<br><br>            Defendant,<br><br>     and<br><br>HELEN P. ROBINSON,<br><br>            Relief Defendant. | Case No.  2:22-cv-00812-FWS-JC<br><br>**SEC'S OPPOSITION TO DEFENDANT BECK'S AND RELIEF DEFENDANT ROBINSON'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:       July 28, 2022<br>Time:      10:00 a.m.<br>Ctrm:      N/A<br>Judge:     Hon. J. Fred W. Slaughter |

**TABLE OF CONTENTS**

I.   INTRODUCTION ....................................................................................... 1
II.  FACTUAL ALLEGATIONS ..................................................................... 1
     A.   Beck's Scalping Scheme ................................................................... 1
     B.   The "Who, What, When, and How" of Beck's Scheme to Scalp the Stocks of Eight Microcap Issuers ....................................................... 2
III. ARGUMENT ............................................................................................... 4
     A.   Legal Standard .................................................................................. 4
     B.   Beck's Scalping Scheme Violated the Antifraud Provisions ............ 5
IV.  CONCLUSION ........................................................................................... 7

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...................................................................................................4

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)...................................................................................................4

*Dworkin v. Hustler Magazine, Inc.*,
  867 F.2d 1188 (9th Cir. 1989)...................................................................................4

*Fecht v. Price Co.*,
  70 F.3d 1078 (9th Cir. 1995).....................................................................................5

*Gen. Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church*,
  887 F.2d 228 (9th Cir.1989)..................................................................................4, 7

*Hollinger v. Titan Capital Corp.*,
  914 F.2d 1564 (9th Cir. 1990)...................................................................................6

*In re Gilead Sciences Sec. Litig.*,
  536 F.3d 1049 (9th Cir. 2008)...................................................................................4

*Johnson v. Riverside Healthcare System, LP*,
  534 F. 3d 1116 (9th Cir. 2008)..................................................................................5

*Kaplan v. Rose*,
  49 F.3d 1363 (9th Cir. 1994).....................................................................................5

*Lonberg v. City of Riverside*,
  300 F. Supp. 2d 942 (C.D. Cal. 2004)...................................................................4, 7

*McHenry v. Renne*,
  84 F. 3d 1172 (9th Cir. 1996)....................................................................................5

*Odom v. Microsoft Corp.*,
  486 F.3d 541 (9th Cir. 2007).....................................................................................5

*SEC v. Abellan*,
  674 F. Supp. 2d 1213 (W.D. Wash. 2009)................................................................6

*SEC v. Blavin*,
  760 F.2d 706 (6th Cir. 1985).................................................................................1, 5

*SEC v. Huttoe*,
  1998 WL 34078092 (D.D.C. Sept. 14, 1998)............................................................6

*SEC v. Mudd*,
  2012 WL 3306961 (S.D.N.Y. Aug. 10, 2012) ..........................................................4

| | |
|---|---|
| *SEC v. Park*, 99 F. Supp. 2d 889 (N.D. Ill. 2000) | 6 |
| *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097 (9th Cir. 2003) | 5 |
| *Weisbuch v. County of Los Angeles*, 119 F. 3d 778 (9th Cir. 1997) | 4 |
| *Wenger v. Lumisys*, Inc., 2 F.Supp.2d 1231 (N.D. Cal. 1998) | 5 |
| *Zweig v. Hearst Corp.*, 94 F.2d 1261 (9th Cir. 1979) | 6 |

**<u>FEDERAL RULES OF CIVIL PROCEDURE</u>**

| | |
|---|---|
| Fed. R. Civ. P. 12(b)(6) | 4 |
| Fed. R. Civ. P. 12(c) | 1, 4, 7, 1 |

## I. INTRODUCTION

The defense's Rule 12(c) motion for judgment on the pleadings should be denied. The SEC's complaint alleges, in detail, the "who, what, when, where, and how" of defendant Michael M. Beck's scheme to fraudulently boost the price and trading volume of eight low-priced (microcap) stocks through tweets to his three million Twitter followers, notifications to his "TeamBillionare" email group, and posts to investor message boards by third-parties who Beck had paid to post. Once the price of these microcap stocks increased, Beck sold his own undisclosed stock holdings into an artificially inflated market at a profit, taking ill-gotten gains of about $870,000. In his motion, Beck nonetheless urges that "[t]he facts as alleged state normal conduct of stock traders." Dkt. No. 21 at p. 7.

Beck is wrong. The scalping scheme methodically alleged by the SEC's complaint constitutes a fraud or deceit under the federal securities laws. *SEC v. Blavin*, 760 F.2d 706-12 (6th Cir. 1985). The Court should therefore deny defendants' motion for judgment on the pleadings and allow this civil enforcement action to proceed in earnest.

## II. FACTUAL ALLEGATIONS

### A. Beck's Scalping Scheme

Between February 7, 2017 and May 2019, Beck used his Twitter account, @BigMoneyMike 6, to engage in scalping microcap stocks. Dkt. No. 1, Complaint ("Compl.") at ¶¶ 26-32. To perpetrate this scheme, Beck generally followed the same six-step pattern of conduct. First, Beck bought blocks of the microcap stock he planned to later tout through his own brokerage accounts and those opened in the name of his nominee mother, relief defendant Robinson. Compl. at ¶ 34. Beck then conditioned his 3 million Twitter followers by tweeting that a stock alert was imminent; these tweets touted extraordinary returns and invited Beck's Twitter followers to join his email group, "TeamBillionaire," so that they could receive Beck's forthcoming stock alert by email. *Id*. at ¶ 35. As his third step, Beck emailed

his stock recommendation to the TeamBillionaire email group one or two days before he more broadly tweeted his stock promotion on Twitter. When email group members began to buy the recommended stock, Beck and Robinson sold their shares on the open market at an inflated price, essentially to the TeamBillionaire members whose demand had been ginned up by Beck's stock recommendation. *Id.* at ¶ 36. Fourth, usually instead of sending Team Billionaire emails for some of the stocks, Beck paid two individuals to post messages on the InvestorsHub.com message board about the stock that Beck planned to tout. *Id.* at ¶ 37. Fifth, Beck began tweeting his stock recommendation to @BigMoneyMike6's three million Twitter followers, and continued to retweet that recommendation. *Id.* at ¶ 38. Once the stock's share price and volume increased – either after the Team Billionaire emails or the more broadly distributed tweets – Beck and Robinson sold additional shares at a profit. *Id.* at ¶ 39. Beck's tweets never disclosed that he was already selling shares of the recommended stock and never revealed that he planned to sell his shares following the tweet. *Id.* at ¶ 40.

### B. The "Who, What, When, and How" of Beck's Scheme to Scalp the Stocks of Eight Microcap Issuers

For each of the subject microcap issuers, the SEC's complaint alleges, with particularity, the: (i) name of the microcap issuer; (ii) the date and content of Beck's initial tweet that his stock pick was imminent; (iii) when applicable, the date that Beck transmitted his email alert and/or arranged for third-parties to post about the stock on internet message boards, as well as the content of those communications; (iv) the date(s) that Beck tweeted his stock pick to all of this Twitter followers and/or emailed the recommendation to TeamBillionaire, and the content of the stock pick; (v) the date range in which Beck sold the stock out of his and/or relief defendant Robinson's brokerage accounts; and (vi) the sales proceeds Beck realized from selling the artificially inflated stock:

| Issuer | Initial Tweet | Email Alert and/or Message Board Post | Beck's Stock Pick Tweet/ Email | Date Range of Beck's Stock Sales | Sales Proceeds | Compl. Allegations |
|---|---|---|---|---|---|---|
| Pick-Ups Plus, Inc. (PUPS) | 4/19/2017 | Emails: 4/232017-4/24/2017 | 4/25/2017-5/9/2017 | 4/24/2017-5/18/2017 | $218,000 | ¶¶ 16, 42-52 |
| MK Automotive, Inc. (MKAU) | 6/27/2017 | | 7/17/2017-7/27/2017 | 7/17/2017-8/22/2017 | $254,000 | ¶¶ 17, 53-61 |
| Zann Corp. (ZNNC) | 9/13/2017 | Message Board Posts: 9/24/2017 – 9/25/2017 | 9/26/2017 – 9/27/2017 | 9/25/2017 – 9/9/27/2017 | $116,000 | ¶¶ 18, 62-71 |
| Vidaroo Corp. (VIDA) | 10/3/2017 | | 10/30/2017 – 12/11/2017 | 10/30/2017 – 12/11/2017 | $110,000 | ¶¶ 19, 72-80 |
| Canadian Aerospace Group Int'l., Inc. (CASG) | 4/20/2018 | Message Board Posts: 4/25/2018-5/1/2018  Emails: 4/28/2018 | 5/1/2018 | 4/26/2017 – 5/1/2018 | $72,000 | ¶¶ 20, 81-91 |
| Music For Your Life, Inc. (MYLI) | 11/5/2018 | Emails: 12/15/2018–12/16/2018 | 12/18/2018 | 12/17/2018-12/20/2018 | $41,000 | ¶¶ 21, 92-102 |
| Peoplesway.com Inc. (PLWY) | 2/28/2019 | Emails: 3/10/2019 | 3/12/2019-3/14/2019 | 3/11/2019 | $78,000 | ¶¶ 22, 103-114 |
| United Consortium Ltd. (UCSO) | 3/31/2019 | Emails: 4/29/2019 | 5/1/2019 | 4/29/2019-5/2/2018 | $24,000 | ¶¶ 23, 115-124 |

In sum, Beck engaged in a fraudulent scheme to promote and manipulate penny stocks, using his Twitter account with the handle @BigMoneyMike6, by encouraging investors to buy the issuers' securities while – contrary to his advice to his millions of Twitter followers, as well as to the viewing public who read his Twitter posts – at the same time dumping his own holdings of those securities into the

3

inflated price and liquidity that his tweets helped create. Compl. at ¶ 26.

### III. ARGUMENT

#### A. Legal Standard

Federal Rule of Civil Procedure 12(c) governs motions for judgment on the pleadings. "A Rule 12(c) motion is functionally identical to a motion pursuant to Fed. R. Civ. P. 12(b)(6)." *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citing *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Judgment on the pleadings is only appropriate if, assuming all facts in the complaint to be true, the moving party is entitled to judgment as a matter of law; as with Rule 12(b)(6) motions, courts must construe all reasonable inferences drawn from a complaint's factual allegations in the plaintiff's favor. *Lonberg*, 300 F. Supp. At 945 (citing *Gen. Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir.1989)).

A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6) so long as it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 663. In ruling on a motion to dismiss the complaint, a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them, construing the complaint in the light most favorable to the plaintiff. *See, e.g., In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). The court's task is to "assess the legal feasibility of the complaint," not to "assay the weight of the evidence which might be offered in support thereof." *SEC v. Mudd*, No. 11 Civ. 09202 (PAC), 2012 WL 3306961, at *3 (S.D.N.Y. Aug. 10, 2012); *Weisbuch v. County of Los Angeles*, 119 F. 3d 778, 785 (9th Cir. 1997). Accordingly, dismissal under Rule 12(b)(6) is proper only where there is a "lack of cognizable

legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare System, LP*, 534 F. 3d 1116, 1121-22 (9th Cir. 2008).

This is a securities fraud case. Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake[,]" but that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Thus, in fraud cases, the SEC must plead the "who, what, where, when and how" of the fraud. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003). Despite this heightened pleading requirement, the allegations must still be as short, plain and concise as is reasonable under the circumstances. *See* Fed. R. Civ. P. 8(a); *Wenger v. Lumisys*, Inc., 2 F.Supp.2d 1231, 1239 (N.D. Cal. 1998) ("[t]he heightened pleading standard of Rule 9(b) is not an invitation to disregard the requirement of simplicity, directness and clarity of Fed. R. Civ. P. 8.") (citing *McHenry v. Renne*, 84 F. 3d 1172, 1178 (9th Cir. 1996)). Therefore, "[i]n a securities fraud action, a pleading is sufficient under Rule 9(b) if it identifies the circumstances of the alleged fraud so that the defendant can prepare an adequate answer." *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995) (quoting *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994); *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007).

**B. Beck's Scalping Scheme Violated the Antifraud Provisions**

Beck's primary argument is that he did nothing wrong – that "[t]he facts as alleged state normal conduct of stock traders." Dkt. No. 21 at p. 7. To the contrary, the complaint's factual allegations depict a long-running, concerted, and recurrent scalping scheme by defendant Beck to deceive investors in the securities of eight different microcap companies. And there is no question that such a scheme – hyping the merits of a stock and encouraging investment while *at the same time* selling one's own shares of that stock into the artificially inflated market created by that hype – violates the antifraud federal securities laws. *See*, *e.g.*, *SEC v. Blavin*, 760 F.2d at

5

711 (finding antifraud violations where defendant distributed stock recommendation newsletter without disclosing that he had "invested in 25%, 10% and 10% of the publicly available stock of the companies he recommended"); *Zweig v. Hearst Corp.*, 594 F.2d 1261, 1267-68 (9th Cir. 1979) ("Campbell failed to reveal to investor-readers that he expected to gain personally if they followed his advice.  He did not tell them that he had purchased the stock at a bargain price knowing that he would write his column and then sell on the rise, as he had done with other stocks before … This withheld information did not relate directly to the company's value and expected performance, but it was necessary to avoid misleading Campbell's audience on the reliance they could place on the column.") (abrogated on other grounds by *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564 (9th Cir. 1990)).

      Scalping constitutes securities fraud because a person who engages in scalping assumes a duty to disclose his or her intent to sell shares at the time he or she recommends the stock to others.  *SEC v. Huttoe*, 1998 WL 34078092, at *7 (D.D.C. Sept. 14, 1998) ("To be clear, the fraud lies not in Terry's practice of selling stocks contrary to Whisper's recommendations, but in the failure to disclose that practice to potential investors and readers."); *see, also, SEC v. Park*, 99 F. Supp. 2d 889, 899 (N.D. Ill. 2000) (duty to disclose where defendants "allegedly had an ongoing relationship with their subscribers and communicated with them electronically on a daily basis").  And here, Beck made materially false and misleading statements in his emails to TeamBillionaire followers and tweets, recommending the purchase of a stock, even though he planned to sell shares of that stock at the same time directly and through Robinson.  *See* Factual Allegations at § II(A) and (B), *supra*.  The allegations of the SEC's complaint consequently establish a claim for securities fraud.  *See SEC v. Abellan*, 674 F. Supp. 2d 1213, at 1219-20 (W.D. Wash. 2009) (failing to disclose in a stock recommendation mailer that its creator and distributor owned shares and intended to sell them was material misstatement).

      Finally, Beck disputes certain of the SEC's allegations, arguing without facts

that he did not control relief defendant Robinson's brokerage accounts, that he used "the twitter handles provided by the government," and that the "trading activity was all done with full and open disclosures." Dkt. No. 21 at p. 7. But that is not a cognizable basis for relief under Rule 12(c), where all factual allegations of the Complaint are taken as true. *See Lonberg*, 300 F. Supp. at 945; *Gen. Conference Corp. of Seventh–Day Adventists*, 887 F.2d at 230.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, the SEC respectfully requests that the Court deny defendants' Rule 12(c) motion in its entirety.

Dated: July 7, 2022

                                        */s/ Gary Y. Leung*
                                        GARY Y. LEUNG
                                        ROBERTO TERCERO
                                        Attorneys for Plaintiff
                                        Securities and Exchange Commission

# **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action. My business address is:

> U.S. SECURITIES AND EXCHANGE COMMISSION,
> 444 S. Flower Street, Suite 900, Los Angeles, California 90071
> Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On July 7, 2022, I caused to be served the document entitled **SEC'S OPPOSITION TO DEFENDANT BECK'S AND RELIEF DEFENDANT ROBINSON'S RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS** on all the parties to this action addressed as stated on the attached service list:

☒ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: July 7, 2022         */s/ Sarah Mitchell*
                             SARAH MITCHELL

1

*SEC v. Beck, et al.*
United States District Court—Central District of California
Case No. 2:22-cv-00812-FWS-JC

## SERVICE LIST

Michael M. Beck
P.O. Box 1172
San Pedro, CA 90733-1172
Email: unitedfreight@hotmail.com
*Pro Se Defendant*

Helen P. Robinson
P.O. Box. 1172
San Pedro, CA 90733-1172
Email: happy4youtoday@gmail.com
*Pro Se Relief Defendant*