_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:22-cv-00812-FWS-JC   Date: August 1, 2022
Title: Securities and Exchange Commission v. Michael M. Beck, *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [28]**

   Before the court is Pro Se Defendants Michael M. Beck and Holly P. Robinson's (collectively, "Defendants") Motion for Judgment on the Pleadings ("Motion" or "Mot"). (Dkt. 28.) On July 7, 2022, Plaintiff Securities and Exchange Commission opposed the Motion ("Opp."). (Dkt. 33.) As of the date this Order was issued, Defendants had not filed a Reply. (*See generally* Dkt.)

   The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the state of the record, as applied to the applicable law, the Motion is **DENIED WITHOUT PREJUDICE**.

I.   **Legal Standard**

   Under Federal Rule of Civil Procedure 7(b), "[a] request for a court order must be made by motion." Fed. R. Civ. P. 7(b). Specifically, Rule 7(b) provides that a motion must:

   (A) be in writing unless made during a hearing or trial;

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-00812-FWS-JC                                      Date: August 1, 2022

Title: Securities and Exchange Commission v. Michael M. Beck, *et al.*

    (B) state with particularity the grounds for seeking the order; and
    (C) state the relief sought.

*See* Fed. R. Civ. P. 7(b).

    The Central District of California's Local Rules provide further requirements for motions and other moving papers. Local Rule 7.4, which governs motions, provides as follows:

> The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8. On the first page of the notice of motion and every other document filed in connection with any motion, there shall be included, under the title of the document, the date and time of the motion hearing, and the name of the judicial officer before whom the motion has been noticed. The notice of motion shall contain a concise statement of the relief or Court action the movant seeks.

*See* L.R. 7.4.

    Additionally, Local Rule 7.5, which governs moving papers, provides as follows:

> There shall be served and filed with the notice of motion:
> (a) A brief but complete memorandum in support thereof and the points and authorities upon which the moving party will rely; and
> (b) The evidence upon which the moving party will rely in support of the motion.

*See* L.R. 7.5.

**II.    Discussion**

    As explained above, Federal Rule of Civil Procedure 7(b) provides that a motion must "be in writing unless made during a hearing or trial;" "state with particularity the grounds for seeking the order;" and "state the relief sought." *See* Fed. R. Civ. P. 7(b). In addition, Local Rules 7.4 and 7.5 provide that the court may decline to consider a motion that fails to comply

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:22-cv-00812-FWS-JC | Date: August 1, 2022 |
| Title: Securities and Exchange Commission v. Michael M. Beck, *et al.* | |

with the Local Rules and that a Notice of Motion must be accompanied by "(a) [a] brief but complete memorandum in support thereof and the points and authorities upon which the moving party will rely; and (b) [t]he evidence upon which the moving party will rely in support of the motion." *See* L.R. 7.4-7.5.

Here, the court observes that the filing at Dkt. 28 is a three-page document comprised of a Notice of Motion, a Signature Page, and a Certificate of Service. (*See* Dkt. 28.) Although Plaintiff has filed an Opposition (see Dkt. 33), there is no memorandum attached to the Motion. (*See* Dkt. 28.) Accordingly, based on the record before the court, there is no substantive Motion for the court to rule on, in violation of Fed. R. Civ. P. 7(b) and Local Rules 7.4 and 7.5.[1]

### III. Disposition

For the reasons set forth above, the court **DENIES WITHOUT PREJUDICE** the Motion.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk:  mku

---

[1] The fact that Defendants are pro se does not alter these requirements. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (stating "[f]irst and foremost is that *pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [a party] is expected to abide by the rules of the court in which [the party] litigates"); L.R. 1-3 ("Persons appearing pro se are bound by these rules, and any reference in these rules to 'attorney' or 'counsel' applies to parties pro se unless the context requires otherwise.").