JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL M. BECK,<br><br>　　　　Defendant,<br><br>　AND<br><br>HELEN P. ROBINSON,<br><br>　　　　Relief Defendant. | **Case No. 2:22-cv-00812 FWS-JC**<br><br>**FINAL JUDGMENT** |

///
///
///

This matter came before the court upon Plaintiff Securities and Exchange Commission's ("Plaintiff") Motion for Summary Judgment against Defendant Michael M. Beck ("Defendant Beck") and Relief Defendant Helen P. Robinson ("Relief Defendant Robinson") made under Fed. R. Civ. P. 56. (Dkt. 76.) The court, having considered the briefing, evidence, and oral argument presented by the parties, good cause appearing therefore, **ORDERS** the following:

## I.

**IT IS HEREBY ORDERED** that the Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**. (Dkt. 116.)

## II.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant Beck is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and

attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Beck is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a) in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Beck is barred, for **five years** following the date of entry of this Final Judgment, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any

equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1.

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that:

Defendant Beck is liable for disgorgement of $572,270.00, representing net profits gained as a result of the conduct alleged in the Complaint, with Defendant Beck jointly and severally liable for $386,732.00 of that amount with Relief Defendant Robinson, along with prejudgment interest in the amount of $112,062.32, with Defendant Beck jointly and severally liable for $75,730.14 of that prejudgment interest amount with Relief Defendant Robinson, pursuant to Sections 21(d)(3), 21(d)(5), and 21(d)(7) of the Exchange Act, 15 U.S.C. §§ 78u(d)(3), 78u(d)(5), and 78u(d)(7);

Relief Defendant Robinson is liable for disgorgement in the amount of $386,732.00, representing net profits gained as a result of the conduct alleged in the Complaint, along with prejudgment interest in the amount of $75,730.14, each jointly and severally with Beck; and

Defendant Beck is liable for a civil penalty in the amount of $230,464.00 pursuant to Section 20(d)(2)(C) of the Securities Act and Section 21(d)(3)(A) of the Exchange Act, 15 U.S.C. §§ 77t(d)(2)(C), 78u(d)(3)(A)].

Defendant Beck shall satisfy this obligation by paying $914,796.32, $462,462.14 of which is subject to joint and several liability with Relief Defendant Robinson, to the Securities and Exchange Commission within **thirty (30) days** after entry of this Final Judgment.

Relief Defendant Robinson shall satisfy this obligation by paying $462,462.14, all of which is subject to joint and several liability with Defendant Beck, to the Securities and Exchange Commission within **thirty (30) days** after entry of this Final Judgment.

3

Defendant Beck and Relief Defendant Robinson may transmit payment electronically to Plaintiff, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendant Beck, or Relief Defendant Robinson, as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Beck and Relief Defendant Robinson shall simultaneously transmit photocopies of evidence of payment and case identifying information to Plaintiff's counsel in this action. By making this payment, Defendant Beck and Relief Defendant Robinson relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant Beck or Relief Defendant Robinson.

Plaintiff may enforce the court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after **thirty (30) days** following entry of this Final Judgment.

Plaintiff may enforce the court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the

1. violation of any court orders issued in this action. Defendant Beck and Relief
2. Defendant Robinson shall pay post judgment interest on any amounts due after **thirty**
3. **(30) days** of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. Plaintiff
4. shall hold the funds, together with any interest and income earned thereon
5. (collectively, the "Fund"), pending further order of the court.

      Plaintiff may propose a plan to distribute the Fund subject to the court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the court.

      Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant Beck and Relief Defendant Robinson shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant Beck's and Relief Defendant Robinson's payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of their payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant Beck and Relief Defendant Robinson shall, within **thirty (30) days** after entry of a final order granting the Penalty Offset, notify Plaintiff's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as Plaintiff directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant Beck or

Relief Defendant Robinson by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**IT IS SO ORDERED.**

Dated: April 17, 2024

_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE